UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| WILL LEE MOORE | CIVIL ACTION NO. 3:16-CV-1715 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| STATE OF LOUISIANA, ET AL | MAGISTRATE JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

*Pro se* plaintiff Will Lee Moore, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 14, 2016.  Plaintiff is a pretrial detainee custody at the Ouachita Correctional Center, awaiting trial on unknown charges.

He makes numerous allegations against the State of Louisiana, Jay Russell, Robert Chu, Pat Johnson, Karl Sharp and J. Kirby.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Amend Order*

*1. Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant.  This conclusion must be supported by specific factual allegations stating the following:

(1)  the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2)  a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3)  the place and date(s)that each event occurred; and

(4)  a description of the alleged injury sustained as a result of the alleged violation.

**Plaintiff should amend his complaint and provide the factual allegations as set forth above as they pertain to each individual defendant**.

   2. *Supervisory Capacity*

Plaintiff names Ouachita Parish Sheriff Jay Russell and Ouachita Correctional Center Warden Pat Johnson in their supervisory capacities. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

To the extent that plaintiff seeks to name Sheriff Russell and/or Warden Pat Johnson as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by each defendant.

   3. *Prosecutorial Immunity*

Any claim for monetary damages against District Attorney Robert Chu is probably barred by the doctrine of absolute immunity.  A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his role as prosecutor in preparing for the initiation of judicial

proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). Plaintiff's claim against the District Attorney is apparently based on his role as a prosecutor. If the conduct complained of was taken in this defendant's role as the State's advocate, he is entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

### 4. Judicial Immunity

Plaintiff's claims against Judge Carl Sharp presumably arise out of the performance of his judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985).

### 5. State of Louisiana

Plaintiff names the State of Louisiana as a defendant herein. However, the state is not a "person" within the meaning of 42 U.S.C. § 1983. *Stotter v. University of Texas at San Antonio,* 508 F.3d 812, 821 (5th Cir.2007); *Will v. Michigan State Dep't of Police*, 491 U.S. 58, 71 (1981). Furthermore, any § 1983 claim against the state is also barred by the Eleventh Amendment. U.S. Const. amend. XI; *Rodriguez v. Texas Commission on the Arts*, 199 F.3d 279, 280 (5th Cir.2000)

("Citizens may not bring suit against a state or any instrumentality thereof without the state's consent. The Eleventh Amendment also bars lawsuits against a state agency if the agency is so closely connected to the state that the state itself is the party in interest. *See Vogt v. Board of Comm'rs of the Orleans Levee District*, 294 F.3d 684 (5th Cir.2002).

### 6. *Heck v. Humphrey* and *Wallace v. Kato* considerations

It appears that plaintiff makes an allegation of false imprisonment. Plaintiff should amend his pleadings to state the charges upon which he is awaiting trial and the status of same. If plaintiff is ultimately convicted of charges for which he is incarcerated, he may not be entitled to seek compensatory damages for false imprisonment until such time as the conviction in question has been declared invalid. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

On the other hand, if a criminal prosecution based on the November 2016 arrest remains pending, *Heck* probably does not apply. *See Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule

applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.)  However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

Plaintiff should therefore amend his complaint to **state the charges upon which he is awaiting trial and the status of same**.  He should provide a detailed description of the charges that resulted in his incarceration and provide, if available, copies of the arrest reports and affidavits of the arresting officers.  He should also provide, if available, the court minutes to establish whether any probable cause determinations were made with respect to the November 2016 arrest of which he complains.  He should also provide any documentation in his possession regarding the dismissal of any charges.

### *Conclusion and Order*

Before this court determines the proper disposition of plaintiff's complaint, plaintiff should be given the opportunity to remedy the deficiencies identified above. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Therefore,

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies  as outlined above, precisely stating what each named defendant did to violate  plaintiff's constitutional rights, and alternatively, dismiss those claims or defendants

plaintiff is unable to cure through amendment. Plaintiff should amend his complaint to state the charges upon which he is awaiting trial and the status of same. He should provide a detailed description of the charges that resulted in his incarceration and provide, if available, copies of the arrest reports and affidavits of the arresting officers. He should also provide, if available, court minutes to establish whether any probable cause determinations were made with respect to the November 2016 arrest of which he complains. He should also provide any documentation in his possession regarding the dismissal of any charges.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under L.R. 41.3.**

In Chambers, Monroe, Louisiana, February 16, 2017.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**