UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WILL LEE MOORE** | **CIVIL ACTION NO. 3:16-CV-1715** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

*Pro se* plaintiff Will Lee Moore, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 14, 2016. At the time of filing, plaintiff was a pretrial detainee in custody at the Ouachita Parish Correctional Center, awaiting trial on domestic abuse battery. [*See* Rec. Doc. 9-1, p. 9] Those charges have since been dropped and plaintiff has been released from custody.

He makes numerous allegations against the State of Louisiana, Jay Russell, Robert Chu, Pat Johnson, Karl Sharp and J. Kirby.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff filed the instant suit on December 14, 2016, naming State of Louisiana, Ouachita Parish Sheriff Jay Russell, retired Assistant District Attorney Robert Chu, Ouachita Parish Correctional Center Warden Pat Johnson, Fourth Judicial District Court Judge Carl V. Sharp and Ouachita Parish Sheriffs Deputy J. Kirby as defendants. Plaintiff was ordered to amend his

complaint on February 16, 2017, to provide additional details regarding his claims and to address the viability of claims against certain defendants. [Rec. Doc. 7]  He did so on March 20, 2107, March 29, 2017, June 1, 2017, June 28, 2017 and July 17, 2017.  [Rec. Docs. 8, 9, 11, 12 & 13]

*Law and Analysis*

### 1. Screening

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity who has been permitted to proceed *in forma pauperis*.  Accordingly, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Since he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007);  *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine

2

whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**2. *Supervisory Capacity***

Plaintiff names Ouachita Parish Sheriff Jay Russell and Warden Pat Johnson in their supervisory capacities. He argues that Russell has "hired incompetent individuals as deputies that detained [him] without questioning..." [Rec. Doc. 8, p. 1] His allegations against Johnson stem from his position as Warden of OPCC. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

Plaintiff has not alleged any facts sufficient to demonstrate the personal involvement or implementation of unconstitutional polices by Sheriff Russell or Warden Johnson and, as such, claims against these defendants should be dismissed.

### *3. Prosecutorial Immunity*

Any claim for monetary damages against retired District Attorney Robert Chu is barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). Plaintiff's claim against the District Attorney is based on his role as a prosecutor. He alleges that Mr. Chu should not have prosecuted him under the circumstances surrounding his case. As the conduct complained of was taken in this defendant's role as the State's advocate, he is entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial). Accordingly claims against defendant Robert Chu should be dismissed.

### *4. Judicial Immunity*

Plaintiff's claims against 4th Judicial District Court Judge Carl Sharp arise out of the performance of his judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As plaintiff's allegations center

around normal judicial functions that occurred in Judge Sharp's courtroom related to plaintiff's criminal matter pending before him, all claims against Judge Sharp should be dismissed.

### 5. *State of Louisiana*

Plaintiff names the State of Louisiana as a defendant herein. However, the state is not a "person" within the meaning of 42 U.S.C. § 1983. *Stotter v. University of Texas at San Antonio,* 508 F.3d 812, 821 (5th Cir.2007); *Will v. Michigan State Dep't of Police*, 491 U.S. 58, 71 (1981). Furthermore, any § 1983 claim against the state is also barred by the Eleventh Amendment. U.S. Const. amend. XI; *Rodriguez v. Texas Commission on the Arts*, 199 F.3d 279, 280 (5th Cir.2000) ("Citizens may not bring suit against a state or any instrumentality thereof without the state's consent.) Accordingly, the State of Louisiana must be dismissed as it is absolutely immune from suit.

### 6. *False Imprisonment*

Finally, plaintiff makes allegations of false imprisonment against Deputy J. Kirby. He complains that he was falsely arrested and imprisoned, in violation of his constitutional rights, and his incarceration has had an adverse effect on his quality of life. His Amended Complaint clarifies his allegations against Deputy Kirby are that she "failed at her sole purpose of ROR me (sic) as part of her job description to alleviate the Department of Corrections from being crowded with a different era as Franklin D. Roosevelt called (me/us) forgotten men." [Rec. Doc. 1, p.3]

The constitutional torts of false arrest, unreasonable seizure, and false imprisonment require a showing that there was no probable cause. *Jackson v. City of Nacthitoches*, 2016 U.S. Dist. LEXIS 159645 (W.D. La. Sept. 9, 2016) *(citing Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001), cert. den., 534 U.S. 817, 122 S. Ct. 46, 151 L. Ed. 2d 17 (2001). Once a court determines in subsequent

judicial proceedings that an arrest was made with probable cause, or that the existing charges are supported by probable cause, which the Court in this matter did on November 14, 2016 [see Rec. Doc. 1, p. 5], a plaintiff cannot argue in a civil action for false arrest that the initial arrest was illegal. *Id*. (citing *Williams v. DiVittoria*, 777 F. Supp. 1332, 1337 (E.D. La. 1991)). The fact that the charges were dropped does not invalidate an arrest made with probable cause. *Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288, 1967 U.S. LEXIS 2791 (U.S. Apr. 11, 1967) As such, plaintiff has failed to state a claim for false imprisonment.

Therefore,

### *Conclusion and Recommendation*

For the foregoing reasons,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief might be granted and for seeking monetary relief against a defendant who is immune from such relief, in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall**

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, July 21, 2017.

*[signature]*
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE